IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. BURKE,

                       Plaintiff,

v.                                  Case No. _____

CITY OF LAWRENCE, KANSAS,
JOHN PIEN, AMY PRICE, JOHN DOE
NUMBER ONE, RANDY GLIDEWELL,
JANA SHELTON, LANCE FLACHSBARTH,
M.T. BROWN, JACK CROSS,
And LINDA DURKES,

                       Defendants.

## **COMPLAINT**

The Plaintiff, William J. Burke, by and through counsel, Theodore J. Lickteig, states as his Complaint in this action as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, William J. Burke, is and was at all times material hereto a resident of the state of Kansas. He was employed as law enforcement officer by the City of Lawrence, Kansas.

2. The Defendant City of Lawrence, Kansas is a municipality organized under the laws of the state of Kansas.

3. The Defendant John Pien is a law enforcement officer employed by the City of Lawrence, Kansas.

4. The Defendant Amy Price is a law enforcement officer employed by the City of Lawrence, Kansas.

5. The Defendant John Doe Number One is a law enforcement officer employed

by the City of Lawrence, Kansas.

6. The Defendant Randy Glidewell is a law enforcement officer employed by the City of Lawrence, Kansas.

7. The Defendant Jana Shelton is a law enforcement officer employed by the City of Lawrence, Kansas.

8. The Defendant Lance Flachsbarth is a law enforcement officer employed by the City of Lawrence, Kansas.

9. The Defendant M.T. Brown is a law enforcement officer employed by the City of Lawrence, Kansas.

10. The Defendant Jack Cross is a law enforcement officer employed by the City of Lawrence, Kansas.

11. The Defendant Linda Durkes is a law enforcement officer employed by the City of Lawrence, Kansas.

12. This action presents claims arising under the Constitution and laws of the United States; this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

13. The matter in controversy exceeds $75,000, exclusive of interest and costs.

14. A substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district; venue is properly placed in this District pursuant to 28 U.S.C. § 1391(b)(2).

15. On February 22, 2016, the Plaintiff filed a notice of claim with the Defendant City of Lawrence, Kansas pursuant to K.S.A. 12-105b.

16. On June 21, 2016, the Plaintiff's notice of claim was deemed denied by

operation of K.S.A. 12-105b(d) in that 120 days had passed after the filing of the claim and in that the City of Lawrence, Kansas did not approved the claim.

17. This action is commenced within 90 days of the date that the notice of claim was deemed denied as required by K.S.A. 12-105b(d).

ALLEGATIONS OF FACT COMMON TO ALL COUNTS

18. On February 23, 2015, Officer Sheri Stites of the Lawrence Police Department was in the police department gym at 111 East 11th Street, Lawrence, Kansas, where she had an informal conversation with Officer John Pien of the Lawrence Police Department.

19. In that conversation, Officer Stites related to Officer Pien facts about her consensual relationship with Burke, who was then also a police officer for the LPD, that included a description of rough sex. Officer Stites told Officer Pien that rough sex included Officer Burke causing bruises to appear on Officer Stites' body.

20. Later on February 23, 2015, Officer Pien reported to Seargant Amy Rhodes of the Lawrence Police Department that Officer Burke had been physically abusing Officer Stites.

21. Still later on February 23, 2015, and running into the early morning hours of February 24, 2015, Seargant Rhodes and Detective Amy Price interviewed Officer Stites for about three hours.

22. During the interview, Officer Stites continued to insist that she was in a consensual relationship with Officer Burke and that the bruising was sustained during consensual rough sex.

23. During the morning of February 24, 2015, one or more officers of the

3

Lawrence Police Department whose identity is unknown to Burke at the time of the filing of this Complaint procured a search warrant for the residence of Burke and for a motor vehicle by owned by Burke.

24. The officers also executed that warrant during the morning of February 24, 2015.

25. The search warrant listed items to be seized including Burke's "Any Cellular Telephone." Among the items the officers seized were "2 cellular telephones."

26. One or more officers whose identity is unknown known to Burke at the time of the filing of this Complaint conducted searches of the electronically stored information in the phones.

27. Early on February 24, 2015, Detective Sam Harvey and Detective Jamie Lawson of the Lawrence Police Department arrested Burke on unfiled charges of Domestic Battery, Aggravated Battery, Aggravated Assault, Kidnapping and making a Criminal Threat.

28. The alleged victim of those unfilled charges was Officer Stites of the Lawrence Police Department.

29. On February 25, 2015, Alice Liddell Walker, an Assistant District Attorney for Douglas County, Kansas, filed a memorandum with "Judge of the District Court" that stated "A complaint will not be filed by the District Attorney's Office against the above-named individual [Officer Burke] on this date." Burke was then released from the Douglas County, Kansas jail.

30. On March 4, 2015, the Lawrence Police Department discharged Burke by obtaining his resignation from the Department. The resignation was obtained when

4

Seargant Mike Patrick of the LPD called Burke's attorney after the date of Burke's arrest to ask when Burke would resign. Seargant Patrick stated that law enforcement would take a position favorable to Burke regarding whether he would be prosecuted if he did resign.

31. On August 17, 2015, the Lawrence Police Department returned the items seized under the search warrant to Officer Burke.

32. On September 21, 2015, Officer Burke filed a Petition for Expungement of the arrest. The Petition was granted and an Order of Expungement was entered on December 30, 2015.

COUNT I
42 U.S.C. § 1983 – UNLAWFUL SEARCH WARRANT

33. The Plaintiff incorporates by reference herein Paragraphs 1 through 32 above as though fully stated herein.

34. The Fourth and Fourteenth Amendments to the U.S. Constitution provide for the right of an individual to be free from searches conducted under a warrant that was obtained from false or misleading information.

35. That contours of that right were clearly established at the time the search warrant was obtained and executed under applicable law.

36. A reasonable officer would have known or should have known about that right.

37. The officers involved with the procurement and execution of the search warrant caused the Plaintiff to be deprived of his Fourth and Fourteenth Amendment rights.

38. The officers involved with the procurement and execution of the search warrant acted under color of state law.

5

39. The conduct of the officers involved with the procurement and execution of the search warrant resulted in damages to the Plaintiff.

40. The Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in favor of him against the culpable Defendant officers in excess of $75,000, for his costs, for his expert witness fees, for his litigation expenses, and for a reasonable attorney fee all pursuant to 42 U.S.C. § 1988 and for such other and further relief as the Court may deem just and equitable.

COUNT II
ASSAULT

41. The Plaintiff incorporates by reference herein Paragraphs 1 through 32 above as though fully stated herein.

42. The officers involved with arresting the Plaintiff while executing the search warrant threatened to put the Plaintiff in immediate apprehension of bodily harm.

43. The officers involved with arresting the Plaintiff while executing the search warrant had the apparent and actual ability to cause bodily harm to the Plaintiff.

44. The Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in favor of him against the culpable Defendants in excess of $75,000, for his costs, and for such other and further relief as the Court may deem just and equitable.

COUNT III
BATTERY

45. The Plaintiff incorporates by reference herein Paragraphs 1 through 32 above as though fully stated herein.

6

46. The officers involved with the arrest of the Plaintiff committed an unprivileged touching of the Plaintiff.

47. The officers involved with the arrest of the Plaintiff intended to bring about a touching of the Plaintiff.

48. The touching by the officers involved with the arrest of the Plaintiff was harmful and offensive.

49. The Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in favor of him against the culpable Defendants in excess of $75,000, for his costs, and for such other and further relief as the Court may deem just and equitable.

COUNT IV<br>FALSE IMPRISONMENT

50. The Plaintiff incorporates by reference herein Paragraphs 1 through 32 above as though fully stated herein.

51. The officers involved in the arrest of the Plaintiff placed a restraint on the personal freedom of the Plaintiff.

52. The officers involved in the arrest of the Plaintiff had no legal excuse for the restraint on the Plaintiff's freedom.

53. The officers involved in the arrest of the Plaintiff effected the restraint by words, acts, and threats.

54. The words, acts and threats of the officers involved in the arrest of the Plaintiff caused the Plaintiff to fear disregarding their words, acts and threats.

55. The Plaintiff has sustained damages.

7

WHEREFORE, the Plaintiff requests the Court to enter a judgment in favor of him against the culpable Defendants in excess of $75,000, for his costs, and for such other and further relief as the Court may deem just and equitable.

## COUNT V
## DEFAMATION

56.  The Plaintiff incorporates by reference herein Paragraphs 1 through 32 above as though fully stated herein.

57.  The officers involved with the procurement of the search warrant uttered false and defamatory words.

58.  The false and defamatory words were communicated to third persons.

59.  The Plaintiff has sustained harm to his reputation.

60.  The Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in favor of him against the culpable Defendants in excess of $75,000, for his costs, and for such other and further relief as the Court may deem just and equitable.

## COUNT VI
## TRESPASS

61.  The Plaintiff incorporates by reference herein Paragraphs 1 through 32 above as though fully stated herein.

62.  The officers involved with the execution of the search warrant and arrest of the Plaintiff entered upon real property that was possessed by the Plaintiff.

63.  The officers involved with the execution of the search warrant and arrest of the Plaintiff did not have a privilege or consent from the Plaintiff to enter upon the real property possessed by the Plaintiff.

8

64. The Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in favor of him against the culpable Defendants in excess of $75,000, for his costs, and for such other and further relief as the Court may deem just and equitable.

COUNT VII
TRESPASS TO CHATTEL

65. The Plaintiff incorporates by reference herein Paragraphs 1 through 32 above as though fully stated herein.

66. The Plaintiff had actual or constructive possession of the items of personal property that were seized in the execution of the search warrant.

67. The officers who seized the Plaintiff's items of personal property in the execution of the search warrant were not authorized to possess the Plaintiff's items of personal property, unlawfully interfered with the Plaintiff's possession of those items, and dispossessed the Plaintiff of those items.

68. The officers who seized the Plaintiff's items of personal property wrongfully retained possession of those items.

69. The Plaintiff was deprived of the use of those items of personal property for a substantial period of time.

70. The Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests the Court to enter a judgment in favor of him against the culpable Defendants in excess of $75,000, for his costs, and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

/s/ Theodore J. Lickteig_____
Theodore J. Lickteig #12977
Law Offices of Theodore J. Lickteig
12760 W. 87th Street, Suite 112
Lenexa, Kansas 66215
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*

## JURY DEMAND

The Plaintiff, William J. Burke, by and through counsel, hereby demands a jury on all issues so triable.

Respectfully submitted,

/s/ *Theodore J. Lickteig*_____
Theodore J. Lickteig
Kan. Bar No. 12977
Law Offices of Theodore J. Lickteig
12760 West 87th Street, Suite 112
Lenexa, Kansas  66215-2878
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiff*

10